**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| *In re:* | ) | Case No. 17-27046 |
| | ) | |
| JOSEPH M. McINERNEY, | ) | Hon. Timothy A. Barnes |
| | ) | |
| *Debtor.* | ) | Chapter 7 |
| | ) | |
| | ) | |
| U.S. SMALL BUSINESS ADMINISTRATION, AS RECEIVER FOR CARDINAL GROWTH, L.P., | ) ) ) | |
| | ) | |
| *Plaintiff,* | ) | Adv. Proc. No. 18-00057 |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH M. McINERNEY, | ) | |
| | ) | |
| *Defendant* | ) | |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on **December 3, 2019, at 10:00 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Timothy A. Barnes,** in Courtroom 744 of the United States Bankruptcy Court for the Northern District of Illinois, or in his absence, before such other Judge who may be sitting in his place and stead and hearing bankruptcy motions, and shall then and there present the attached **Agreed Motion for Approval of Settlement, for Dismissal of Adversary Proceeding Pursuant to Rule 7041, and For Further Relief Related to The Settlement of Such Proceeding,** a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleading.

Respectfully submitted,

Dated:  October 28, 2019

U.S. Small Business Administration, as Receiver for Cardinal Growth, L.P.

Thomas A. Smith
Senak Keegan Gleason & Smith, Ltd.
566 West Adams Street, Suite 750
Chicago, IL  60661
312-214-1400

By:   /s/ Thomas A. Smith
        One of its attorneys

**CERTIFICATE OF SERVICE**

Thomas A. Smith, an attorney, hereby certifies that he caused a true copy of the foregoing notice and **Agreed Motion for Approval of Settlement, for Dismissal of Adversary Proceeding Pursuant to Rule 7041, and For Further Relief Related to The Settlement of Such Proceeding**, to be served via the means listed below on this 28th day of October 2019.

/s/     Thomas A. Smith

## Mailing Information for Case 17-27046

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case, through the PACER system:

- **Michael J Kalkowski**   mkalkowski@fisherandshapirolaw.com, BK_IL_Notice@fisherandshapirolaw.com
- **Rae Kaplan**   rkaplan@financialrelief.com, yrodriguez@financialrelief.com;fbichl@financialrelief.com;kaplan.myecfmail@gmail.com;i-got-notices@financialrelief.com;aquigley@financialrelief.com;shaugh@financialrelief.com;R49775@notify.bestcase.com
- **Michael K. Desmond**   mdesmond@fslegal.com
- **Cari A Kauffman**   ckauffman@sormanfrankel.com, dfrankel@sormanfrankel.com
- **Patrick S Layng**   USTPRegion11.ES.ECF@usdoj.gov
- **David R. Herzog**   drhlaw@mindspring.com
- **Thomas A Smith**   tsmith@skgsmlaw.com

**U.S. Mail**

Joseph McInerney
5618 W. Montrose Ave
Chicago, IL 60634

Joseph McInerney
7358 W. Lake Street, Unit 1W
River Forest, IL  60305

David Herzog
Trustee in Bankruptcy
Herzog & Schwartz PC
77 W Washington St.  Suite 1400
Chicago, IL 60602

Patrick S. Layng
United States Trustee
219 S. Dearborn Street
Room 873
Chicago, IL 60604

PHH Mortgage
c/o Shapiro Kriesman & Associates
2121 Waukegan Road, Suite 301
Deerfield, IL 60015

BMO Harris Bank, N.A.
CSC Logic
PO Box 1577
Coppell, TX 75019-1577

National Collateral
1848 1st Street
Highland Park, IL 60035

PHH Mortgage
2001 Bishops Gate Blvd.
Mail Stop SV-01
Mount Laurel, NJ 08054

Steven C. Lindberg
1771 West Diehl Road, Suite 120
Naperville, IL 60563

American Bank & Trust
4301 East 53rd Street
Davenport, IA 52807

Banner Capital Corp
5618 W. Montrose Ave
Chicago, IL 60634

Brian Dowling
368 Fairbank Road
Fairbank, IL 60546

Brian Great
9540 Irving Park Road
Schiller Park, IL 60176

Brooke Bobb Trust
120 North LaSalle, Suite 300
Chicago, IL 60602

Bryan Thomas
2516 Waukegan Road
Glenview, IL 60025

Byline Bank
180 North LaSalle Street
Chicago, IL 60601

Citibank, N.A.
c/o Blitt & Gaines
661 Glenn Avenue
Wheeling, IL 60090

Dan Lubeck
22 Corporate Plaza
Suite 215
Newport Beach, CA 92660

David & Jeanne Lubeck
1826 South Indiana, Unit H
Chicago, IL 60616

David Valentine
221 North LaSalle Street, Suite 900
Chicago, IL 60601

Doni Cohen
4044 West Suffield Court
Skokie, IL 60076

Donna Durkin
421 West Gartner
Naperville, IL 60540

Doug Crawford
19 South Wabash Avenue
Chicago, IL 60603

Edward Health Ventures
26185 Network Place
Chicago, IL 60673-1261

Fed Loan Servicing
PO Box 60610
Harrisburg, PA 17106

George Scanlon
7260 Oakmont Court
Ponte Verda Beach, FL 32082

Grafton Holdings
401 West Ontario Street
Chicago, IL 60654

HDB
4709 West Golf Road, #1340
Chicago, IL 60610

Honda Financial Services
PO Box 60001
City of Industry, CA 91716-0001

Hutchinson & Associates
822 Linden
Oak Park, IL 60302

Jeff Roschman
6300 NE 1st Avenue, Suite 200
Fort Lauderdale, FL 33334

Jerry Hutchinson
822 Linden
Oak Park, IL 60302

Joe Beatty
1116 Ridge Road
Evanston, IL 60202

Joe Perry
601 South LaSalle Street, Suite 300
Chicago, IL 60605

John O'Malley
28626 Acacia Glen Street
Agoura Hills, CA 91301

Manny Aguero
3801 S.W. 30th Avenue
Fort Lauderdale, FL 33312

Mark Hughes
1283 Abbey Oakes Drive
Lemont, IL 60439

Mary Ann Poynton Floreani
7509 Whistlestop Drive
Austin, TX 78749

Michael Black
190 South LaSalle Street, Suite 3850
Chicago, IL 60603

Michael Black, Esq.
190 South LaSalle Street, Suite 3850
Chicago, IL 60603

Mr. Handyman
Attn: Samantha Stubbs
3948 Ranchero Drive
Ann Arbor, MI 48108

PRD Development
900 North Michigan Avenue
Suite 1720
Chicago, IL 60611

Robert Bobb
120 North LaSalle Street, Suite 3200
Chicago, IL 60602

Robert Sullivan
1241 Ellis Street
Bensenville, IL 60106

Tim Sullivan
2952 Cathedral Park
Colorado Springs, CO 80904

Tom Cronin
161 North Clark Street, Suite 2550
Chicago, IL 60606

U.S. Bank
Bankruptcy Department
205 W. 4th Street, CN-OH-X5FI
Cincinnati, OH 45202

U.S. SBA as receiver of Cardinal Growth
c/o Senak Keegan Gleason & Smith, Ltd.
566 West Adams Street, Suite 750
Chicago, IL 60661

U.S. Small Business Administration
Office of General Counsel
409 Third Street, S.W., Seventh Floor
Washington, DC 20416

U.S. Bank
Bankruptcy Department
PO Box 5229
Cincinnati, OH 45201-5229

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| *In re:* | ) | Case No. 17-27046 |
| | ) | |
| JOSEPH M. McINERNEY, | ) | Hon. Timothy A. Barnes |
| | ) | |
| *Debtor.* | ) | Chapter 7 |
| | ) | |
| | ) | |
| U.S. SMALL BUSINESS ADMINISTRATION, AS | ) | |
| RECEIVER FOR CARDINAL GROWTH, L.P., | ) | |
| | ) | |
| *Plaintiff,* | ) | Adv. Proc. No. 18-00057 |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH M. McINERNEY, | ) | |
| | ) | |
| *Defendant* | ) | |

**AGREED MOTION[1] FOR APPROVAL OF SETTLEMENT, FOR DISMISSAL OF ADVERSARY PROCEEDING PURSUANT TO RULE 7041, AND FOR FURTHER RELIEF RELATED TO THE SETTLEMENT OF SUCH PROCEEDING**

The U.S. Small Business Administration ("SBA"), as Receiver ("the Receiver") for Cardinal Growth, L.P., states as follows for its Agreed Motion for Approval of Settlement, for Entry of An Order Dismissing Adversary Proceeding Pursuant to Rule 7041. and for Further Relief Related to the Settlement of Such Proceeding:

1. On June 16, 2016, Judge Castillo entered the Consent Order of Receivership ("Receivership Order")[2] in the matter captioned *United States of America v. Cardinal Growth, L.P.*, Case No. 1:11-cv-04071 (the "Receivership Case"). Under the Receivership Order, SBA

---

[1] Pursuant to the Settlement Agreement described herein and attached hereto as **EXHIBIT A**, the Debtor has agreed to this Motion and to the relief sought herein.

[2] A copy of the Receivership Order was filed in this case at ECF No. 50-1.

was appointed Receiver for Cardinal Growth, L.P., for the purpose of, among other things, pursuing claims and causes of action available to Cardinal Growth, L.P., a Delaware Limited Partnership which, on July 7, 2000, was licensed by SBA as a small business investment company ("SBIC") under the Small Business Investment Act of 1958, as amended, 15 U.S.C. § 661, et seq. (the "Act"). SBA brought the Receivership Case and sought the Receivership Order because Cardinal Growth was in violation of the Act and its implementing regulations.

2. On June 30, 2016, Judge Castillo lifted the stay imposed by the Receivership Order to allow the Receiver to file a complaint against Joseph McInerney, in order to seek recovery of McInerney's unfunded capital commitment in the principal amount of $245,000, and the unfunded capital commitment of Cardinal Growth LLC, in the principal amount of $42,500, for which McInerney is responsible, pursuant to the Limited Partnership Agreement of Cardinal Growth, L.P.,[3] all plus interest thereon. On July 8, 2016, the Receiver filed an action captioned *U.S. Small Business Administration as Receiver for Cardinal Growth, L.P. v. Joseph McInerney*, Case No. 1:16-cv-07099 ("Capital Commitment Litigation"), in the U.S. District Court for the Northern District of Illinois to recover on the aggregate amount of such unfunded capital commitments, plus interest thereon.

3. On September 11, 2017, McInerney initiated this bankruptcy proceeding, when he filed a voluntary petition under Chapter 7 of the Bankruptcy Code (*In re McInerney*, Case No. 17-27046 (Bankr. N.D. Ill., "the Bankruptcy Case"), resulting in the imposition of an automatic stay of the Capital Commitment Litigation under 11 U.S.C. § 362.

---

[3] A copy of the Limited Partnership Agreement of Cardinal Growth, L.P., is available at ECF No. 1-3 in the matter captioned *U.S. Small Business Administration as Receiver for Cardinal Growth, L.P. v. Joseph McInerney*, Case No. 1:16-cv-07099 (N.D. Ill.).

4.     On the Receiver's motion, Judge Castillo entered an order dated November 1, 2017, lifting the Receivership Stay to permit the Receiver to pursue recovery of McInerney's capital commitments within the bankruptcy proceeding. Based upon the Receiver's evaluation of McInerney's bankruptcy disclosures and the results of several Rule 2004 examinations, the Receiver had determined that grounds existed to challenge McInerney's right to a bankruptcy discharge under 11 U.S.C. § 727(a). Accordingly, on February 12, 2018, the Receiver initiated an adversary proceeding, captioned *U.S. Small Business Administration, as Receiver for Cardinal Growth, L.P. v. McInerney*, Case no. 18-00057 (Bankr. N.D. Ill.) ("the Adversary Proceeding").[4] McInerney has opposed the Adversary Proceeding and denies the Receiver's allegations in that proceeding.

5.     The Receiver and McInerney agree that their settlement is a compromise of disputed claims and does not constitute an admission of liability or wrongdoing on the part of any party.

6.     During the course of the Adversary Proceeding, McInerney made certain additional disclosures and representations concerning his ability to pay the capital commitment which he owes to the Receivership Estate. Although the Receiver believed and continues to believe that McInerney is not entitled to a discharge under 11 U.S.C. § 727 (a position which McInerney continues to dispute), the Receiver decided, based upon McInerney's disclosures and representations and the Receiver's review of the available records in the Bankruptcy Case, to enter into an agreement ("the Settlement Agreement," attached as **EXHIBIT A** hereto) which would

---

[4] In that Adversary Proceeding, the Receiver contended that Mr. McInerney: (i) underrepresented and misreported his income in schedules filed with the bankruptcy court and in sworn testimony; (ii) failed to keep and preserve records from which his financial condition could be ascertained; and (iii) made false oaths and false claims in schedules filed with the bankruptcy court.

resolve both the Adversary Proceeding and the Capital Commitment Litigation, which as noted above, remains stayed.

7. On September 18, 2019, this Court granted the Receiver's Motion to Modify the Automatic Stay in the Bankruptcy Case for the limited purposed of permitting the Receiver to seek the Receivership Court's approval in the Receivership Case of the Receiver's settlement with McInerney. (ECF No. 69)

8. The terms of the attached Agreement, which is the product of extensive negation between McInerney and the Receiver, include (without limitation) the following:

   a. That the Parties' obligations under the Agreement are contingent upon the Receivership Court's approval of the Agreement, which approval was obtained on September 25, 2019 (**EXHIBIT B**);

   b. That following the Receivership Court's approval and in accordance with Fed. R. Bankr. P. 7041 and Local Bankr. R. 7041-1, the Parties will cooperate in seeking from this Court an Agreed Order which (i) approves the settlement of the Adversary Proceeding; (ii) declares that the obligations which are at issue in the Capital Commitment Litigation and which are to be resolved through the Agreed Judgment Order (described below) are non-dischargeable under 11 U.S.C. 523(a) in the current Bankruptcy Case or in any subsequent voluntary or involuntary bankruptcy proceeding; (iii) provides a discharge to McInerney, under 11 U.S.C. § 727(a), of all other debts and obligations at issue in the Bankruptcy Case; (iv) dismisses all remaining counts in the Adversary Proceeding with prejudice pursuant to Rule 7041; (v) modifies the automatic stay for the limited purpose of obtaining entry of the Agreed Judgment Order (described below) in the Capital Commitment Litigation; and (vi) provides that the Parties are to bear their own attorney fees and litigation costs in connection with the Bankruptcy Case and the Adversary Proceeding;

   c. Thereafter, the Parties will file, in the Capital Commitment Litigation, a motion for entry of an Agreed Judgment Order, against McInerney and in favor of the Receiver, in the monetary amount of $290,596, which Order of Judgment shall also provide, *inter alia*, as follows: (i) that McInerney's obligations to pay the judgment are subject to the conditions set forth in the Settlement Agreement; (ii) that upon McInerney's satisfaction of the payment obligations described in the Settlement Agreement, all obligations under the Agreed Judgment Order shall be released and satisfied in full; (iii) that the rights of the Receiver and of any successor or assignee of the Receiver's rights under the Agreed Judgment Order are subject to the Settlement Agreement; and (iv) that the Parties will bear their own costs and fees in connection with the Capital Commitment Litigation.

   d. The Settlement Agreement also provides that there shall be no right to execute the Agreed Judgment Order against any assets of McInerney as long as McInerney pays to the Receiver

or to its successor or assignee, within three years of the date on the entry of McInerney's Order of Discharge in the Bankruptcy Case, the sum of thirty-six thousand dollars ($36,000) ("Settlement Payment"), which if paid within such three-year period, shall be sufficient to satisfy all obligations of McInerney under the Agreed Judgment Order. Should McInerney fail to make such payment, in full and within such period, the Receiver, or its successor or assign, shall have the right to execute the full amount of such judgment, less any amounts already paid by McInerney following the entry of such judgment plus any amount of post judgment interest allowed by law.

e. McInerney withdraws, with prejudice, the claims which he submitted, on his own behalf and on behalf of Cardinal Growth Corporation ("CGC") and Cardinal Growth, LLC ("CG-LLC"), pursuant to the Receivership Court's Claims Bar Date Order of July 6, 2012.

f. McInerney irrevocably assigns, to the Receiver, any and all right of recovery he may have in or as a consequence of his investment in or commitment to Cardinal Growth, L.P., including his investment as a Private Limited Partner and any right he may have through his status as a member of CG-LLC or as a shareholder of CGC.

g. McInerney agrees to cooperate fully and completely with the Receiver and to provide truthful information to the Receiver with respect to any matter reasonably requested by the Receiver concerning or relating to the Receivership, including without limitation appearing voluntarily to testify truthfully on behalf of the Receiver in any civil legal proceeding brought by or against the Receiver or Cardinal during the pendency of the Receivership.

h. The Agreement provides that it will not be construed as an admission of liability or wrongdoing by any party

9. The foregoing is an attempt to summarize and specifically describe all forms of consideration promised, given, or received under the terms of the Settlement Agreement, which includes a covenant to seek dismissal under Rule 7041, a complete copy of which agreement is attached as **EXHIBIT A** and incorporated herein by reference. Other than as specifically stated, no entity has promised, has given, or has received directly or indirectly any consideration to obtain or allow the dismissal requested herein of the Adversary Proceeding.

10. The Receiver respectfully request that, in order to facilitate McInerney's withdrawal of the claims which he asserted, on his own behalf and on behalf of CGC and CG-

LLC, under the Receivership Court's Claims Bar Date Order of July 6, 2012, that the automatic stay be lifted as to such claims and that such claims be ordered abandoned under 11 U.S.C. § 554.[5]

11. Pursuant to the terms of the Settlement Agreement, McInerney agrees to this Motion and the relief sought herein.

12. Accordingly, for the foregoing reasons, the Receiver respectfully request that the Court enter appropriate orders in this case and in the Adversary Proceeding which would:

a. Approve the Settlement Agreement;

b. Declare that the obligations which are at issue in the Capital Commitment Litigation and which are to be resolved through the Agreed Judgment Order (described above) are non-dischargeable under 11 U.S.C. 523(a) in the current Bankruptcy Case or in any subsequent voluntary or involuntary bankruptcy proceeding;

c. Declare that with the exception of the obligations referenced in the preceding paragraph, pursuant to 11 U.S.C. § 727(a), McInerney is otherwise entitled to a discharge, and subject to such exception the clerk is hereby directed to enter such discharge;

d. Dismiss the Adversary Proceeding, pursuant to Fed.R.Bankr.P. 7041, with prejudice and with all parties thereto to bear their own costs and fees;

e. Modify the automatic stay herein (i) to permit the Receiver and McInerney to seek the resolution of the Capital Commitment Litigation in the U.S. District Court for the Northern District of Illinois through the entry of the Agreed Judgment Order described above, and (ii) to facilitate McInerney's withdrawal of the claims he asserted, on his own behalf and

---

[5] On January 31, 2018, Trustee David Herzog issued a "Report of No Distribution," indicating that following a diligent inquiry into Mr. McInerney's financial affairs and the location of estate property, "there is no property available for distribution from the estate over and above that exempted by law." [ECF no. 57] Accordingly, the Trustee has concluded that such claims are of no value.

on behalf of CGC and CG-LLC, under the Receivership Court's Claims Bar Date Order of July 6, 2012;

f. Order that the claims which McInerney asserted, on his own behalf and on behalf of CGC and CG-LLC, under the Receivership Court's Claims Bar Date Order of July 6, 2012, are abandoned; and

g. Provide that McInerney and the Receiver are to bear their own attorney fees and litigation costs in connection with this Bankruptcy Case and the Adversary Proceeding.

Dated: October 28, 2019

Respectfully submitted,

By: */s/ Thomas A. Smith*
Thomas A. Smith
Senak Keegan Gleason & Smith, Ltd.
566 W. Adams St.
Suite 750
Chicago, IL 60661
(312) 214-1400

*Attorney for the U.S. Small Business Administration, as Receiver for Cardinal Growth, L.P.*